**FOURTH DIVISION**
**RICKMAN, C. J.,**
**DILLARD, P. J. and BROWN, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**January 20, 2022**

# In the Court of Appeals of Georgia

A20A1566. RODRIGUEZ v. HOUSTON COUNTY.

DILLARD, Presiding Judge.

Nelson Rodriguez filed a lawsuit against Deputy James Spivey and Houston County, alleging that he suffered injuries as a result of a motor-vehicle accident caused by the deputy's negligence and the County was liable as the deputy's employer. The County filed an answer and a motion for judgment on the pleadings, arguing it was not a proper party because the deputy was employed by the Houston County Sheriff's Office and not a County employee. Then, after the statute of limitation expired, Rodriguez filed a motion to add Houston County Sheriff, Cullen Talton, which the trial court denied in the same order in which it granted the County's motion for judgment on the pleadings.

On appeal to this Court, Rodriguez argued the trial court erred in finding that he failed to comply with the requirements of OCGA § 9-11-15 (c) for adding a party after the expiration of the statute of limitation, but we affirmed the trial court's ruling in an unpublished Rule 36 opinion.[1]

Several months later, in *Oconee County v. Cannon*[2] (a case with facts analogous to this case), the Supreme Court of Georgia vacated a decision by this Court,[3] in which we reversed a trial court's order that similarly denied the plaintiffs' motion—filed after the expiration of the statute of limitation—to substitute the sheriff as defendant in their wrongful death action, after having wrongly sued the county.[4] Specifically, the *Cannon* Court held that the text of OCGA § 9-11-15 (c) demonstrates

> the proper question in determining whether the statute's third condition
> of relation-back is met is not whether the plaintiff knew or should have
> known the identity of the proper defendant, but whether the proper

---

[1] *See Rodriguez v. Houston County*, Case No. A20A1566 (decided Oct. 5, 2020) (unpublished opinion).

[2] 310 Ga. 728 (854 SE2d 531) (2021).

[3] *Cannon v. Oconee County*, 353 Ga. App. 296 (835 SE2d 753) (2019).

[4] *See Cannon*, 310 Ga. at 731 (1).

2

defendant knew or should have known that the action would have been brought against him but for the plaintiff's mistake.[5]

So, as a result, our Supreme Court directed us to remand that case to the trial court to apply the proper standard.[6]

Shortly thereafter, the Supreme Court of Georgia granted Rodriguez's petition for certiorari, vacated our judgment, and remanded the case to this Court for reconsideration in light of its decision in *Cannon*.[7] Importantly, in *Cannon*, the Supreme Court vacated our decision in that case "with direction to vacate the trial court decision and direct the trial court to make findings consistent with the appropriate test for application of relation-back as set forth in this opinion."[8] Accordingly, we vacate our opinion, vacate the trial court's decision denying Rodriguez's motion to add the sheriff as a party, and remand the case for further proceedings consistent with the Supreme Court's decision in *Cannon*.

---

[5] *Id.* at 734 (2).

[6] *See id.* at 737 (3).

[7] *See Rodriguez v. Houston County*, Case No. S21C0347 (April 19, 2021).

[8] *Cannon*, 310 Ga. at 737 (3).

3

*Judgment vacated and case remanded with direction. Rickman, C. J., and Brown, J., concur.*